UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

AUGUST ROBIN, ET AL               CIVIL ACTION NO. 04-1695

versus                            JUDGE HICKS

JACK BINION, ET AL                MAGISTRATE JUDGE HAYES

_____

**RULING AND O R D E R**

Before the court is a motion to compel filed by plaintiffs (Document No. 52). For reasons

stated below, the motion is **GRANTED**, and full and complete responses to all of the discovery

requests are ordered to be served on the plaintiffs.

Plaintiffs served Interrogatories, Requests for Admissions of Fact and Production of

Documents with the state court lawsuit filed on July 27, 2004. On June 15, 2005, in connection

with a scheduling conference held that date, the court ordered that all previously propounded

discovery requests were deemed served as of the date of the conference, that all documents

responsive to the outstanding discovery requests were to be provided on or before August 15,

2005, and that all other responses were due within the delays allowed by law.

Plaintiffs complain that defendants' discovery responses, served on July 15, 2005, are

inadequate, fail to comport with applicable jurisprudence, and evince evasive tactics calculated to

inhibit plaintiffs in their efforts to prepare this case for trial. Plaintiffs also complain that the

August 15th supplemental responses have failed to cure the inadequacies in the previous

responses.

**INTERROGATORIES**

Plaintiffs' First Set of Interrogatories was directed to the individual Defendants, Jack B.

Binion, Horseshoe Entertainment, Horseshoe Gaming Holding Corporation, and New Gaming

Capital Partnership and contained instructions and definitions in explanation of terms contained in the Interrogatories. The definitions included terms such as "document," "identify," "or," "person," "you," "your," and "financing agreement." Along with the Interrogatories, Plaintiffs submitted Requests for Admissions of Facts and Production of Documents to the same named Defendants.

In response, Defendants made four general objections, and in responding to the Interrogatories, the Defendants made reference to FRCP Rule 33(d). When the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract, or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, FRCP Rule 33(d) states that it is sufficient to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatories reasonable opportunity to examine, audit, or inspect such records and to make compilations, abstracts, or summaries. However, 33(d) requires the specification to be "in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Defendants failed to make such specification.

The Defendants responded to Interrogatory Number 3 containing the terms "identify," "financing agreements," and "directly and indirectly", but objected to these same terms in response to Interrogatories Number 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13. In response to Interrogatory Nos. 2,  4, 6, 8,10, and 12, defendants stated that documents responsive to the interrogatories would be made available in accordance with the court's "scheduling order." As the scheduling order does not extend the deadlines for responding to discovery requests, the undersigned assumes that the defendants were referring to this court's order granting the

defendants until August 15, 2005, to provide documents. The defendants did supplement their responses on that date, but their responses were still inadequate because they did not contain the specificity required under Rule 33(d) and because they failed to make any of the documents themselves available at that time. Defendants sought no extension of the August 15th deadline, and there has been no explanation as to why they could not produce the documents within the deadlines previously set. Defendants now say that they have located documents which are responsive to the plaintiffs' requests regarding "financing," and that the documents will be made available at the office of defense counsel at a mutually agreeable time. This is not sufficient.

As for Interrogatory Number 14, Plaintiffs argue that the general counsel for Horseshoe Entertainment has files that are responsive to these Interrogatories and the answer provided in response to the Interrogatory is inaccurate, evasive, and misleading. Plaintiffs argue that the Defendants have access to these documents and should be ordered to respond to the Interrogatories. Defendants claim that they do not know who is meant by the term "general counsel," and request that the plaintiffs identify the specific person they believe has such documents. The undersigned finds that this response is disingenuous. The Defendants are in a far better position than the plaintiffs to know who might have possession or control of any documents or information, and are obligated to respond to discovery fully and completely and to provide the requested documents and information.

Defendants also argue that the discovery requests are overly broad. In *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles* 894 F.2d 1482, *1485 (C.A.5 (Tex.),1990), the Fifth Circuit Court of Appeals held that a party resisting discovery is under the burden to specifically demonstrate how each interrogatory is irrelevant, or overly broad, or burdensome. Defendants have failed to do so in this instance. The four year time period for which financial and other information and records is sought appears reasonable, and the records sought certainly appear on their face to be relevant to the issues presented by this case. Defendants' objections are therefore

**overruled**.

**Within 15 days of the date of this order, Defendants are to identify with specificity and make all documentation responsive to the Interrogatories available to the plaintiffs in a form which fully and completely complies with the defendants' obligation under F.R.C.P. Rule 33(d), and are to respond to all other interrogatories fully and completely**.

### REQUESTS FOR ADMISSION AND PRODUCTION OF DOCUMENTS

Defendants argue that because "you" is not defined, they cannot admit or deny any of the Requests for Admissions in question, arguing that Plaintiffs' suggestion that Defendants should answer the admissions on behalf of each of the Defendants to whom the admissions were addressed would require Defendants to supply a definition of "you" and otherwise guess at what Plaintiffs are asking. Defendants claim that Plaintiffs should file requests specifying exactly to whom the request is made so Defendants will know to whom the request applies.

Defendants argue that Plaintiffs' Requests for Admissions are also inadequate because the words "monies" and "monies belonging to" in Request for Admission Nos. 2, 5, and 8; the words "millions of dollars in assets and resources" and "used" in Request for Admission Nos. 3 and 5; "underwrite" and "finance" in Request for Admission No. 5; the term "the Indiana project" in Request for Admission No. 6; the words "directly, indirectly or through credit transactions" in Request for Admission No.8; the term "Horseshoe Gaming" in Request for Admission No. 10; the terms "partnership agreement," "the partnership agreement" and "contravened" in Request for Admission No. 13; the term "varied and sundry financing activities and credit transactions" in Request for Admission No. 15; the terms "used the credit" and "wholly unrelated" in Request for Admission No. 16; and the term "Empress acquisition" in Request for Admission No. 17 are all vague and are undefined.

The undersigned disagrees. The Requests for Admission are specifically addressed to all of the named defendants in this lawsuit, and the above words and phrases are either plain and

ordinary words readily understood by any person of ordinary intelligence or are easily understood in the context of this litigation. FRCP Rule 26 imposes the duty of disclosure and proper responses to discovery. The comments to Rule 26 state: "**Subdivision (g); Signing of Discovery Requests, Responses, and Objections.** Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37."

The approach of identifying numerous ordinary or easily understood words and phrases as vague and claiming the inability to respond is insufficient to carry the burden placed upon a party in responding to discovery. The "it all depends on what 'is' is" approach to discovery responses is not acceptable and has no place in civil litigation in this court. A party responding has the burden and obligation to … "exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories." See *Pulsecard, Inc. v. Discover Card Servs., Inc.,* 168 F.R.D. 295, 310 (D.Kan.1996). The Requests for Admissions of Fact are specifically addressed to the named defendants, each of whom can easily provide separate responses according to the individual or the corporation's knowledge; again, the word "you" is not ambiguous or vague, and the other terms complained of as vague or lacking in definitions are either ordinary commonly-used terms or are terms which can be readily understood in the context of the pending litigation. The only purpose behind such deliberate obtuseness is to cause unnecessary delay and expense in the litigation process. Such a purpose is inconsistent with the responding parties' obligation to the court and to the opposing parties.

Fed.R.Civ.P. 36(a) "allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact. Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." *In re Carney,* 258 F.3d 415, 419 (5th Cir.2001) (citations omitted).

Rule 36 also provides a procedure for denying the requests or qualifying one's partial

admissions or denials, requiring that the answer specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial must fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. Each party to whom the Requests for Admission are addressed is required to comply with Rule 36, and none of them have done so in this case. In addition, while each party's attorney may answer the Requests on behalf of that party, he or she must do so as the representative of each party to whom the requests are made, providing separate responses for each. For the sake of convenience, the responses can be supplied in a single document containing each question immediately followed by the separate response of each party to that question. **Plaintiffs' Motion to Compel Responses to the Requests for Admissions of Fact is GRANTED and Defendants are hereby ORDERED to respond fully to the Requests for Admission within fifteen days of the date of this Order**. **Each defendant is to respond separately.** Should the Defendants fail to respond within the time period allowed by this court, the Requests will be deemed admitted.

The same reasoning as set out above applies to the defendants' responses to the Requests for Production of Documents. The responses to the requests are clearly inadequate, and the defendants have provided no facts supporting their claims that the requests are over broad, unduly burdensome, or irrelevant. **Defendants are to provide all documents responsive to the Requests for Production of Documents within fifteen days of the date of this Order**. **To the extent that the responses for each defendant may differ, each defendant is to respond separately and is to identify the documents provided by that defendant in response to each**

**request; however,** defendants need not supply multiple copies of the same documents in response to the requests.

Because the responses by defendants are inadequate, their objections are either disingenuous, meritless on their face, or are unsupported by the facts and evidence, because the Defendants have caused needless delay in the discovery process and imposition on the court's time, and because the Defendants failed to comply with this court's previous order requiring production of documents on or before August 15, 2005, plaintiffs are hereby awarded the amount of $2,000.00 for fees and expenses incurred in connection with the filing of the motion to compel. Defendants are to pay the above amount to the plaintiffs, through their counsel, within fifteen days of the date of this order, and are to provide proof of payment to the court immediately thereafter. Defendants are cautioned that any further failure to comply with the orders of this court will result in further sanctions as allowed by law. Plaintiffs are instructed to notify the court immediately if the above deadlines are not met.

THUS DONE AND SIGNED at Monroe, Louisiana, this 6th day of September, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE