**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| AUGUST ROBIN, ET AL. | CIVIL ACTION NO. 04-1695 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JACK B. BINION, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is Jack B. Binion's, Horseshoe Entertainment's, Horseshoe Gaming Holding Corporation's, and New Gaming Capital Partnership's (hereinafter collectively referred to as "Defendants") appeal of a magistrate judge decision concerning discovery. (Record Document 65). The magistrate appeal came on for oral argument on Monday, October 24, 2005, at 10:00 a.m. with all counsel present. Based on the following, Magistrate Judge Karen Hayes' order is **AFFIRMED** with certain modifications.

**I.     BACKGROUND.**

On August 3, 2005, Plaintiffs filed a motion to compel (Record Document 52), alleging that Defendants' discovery responses to interrogatories, requests for production of documents, and requests for admissions were inadequate, failed to comport with applicable jurisprudence, and evinced evasive tactics calculated to inhibit Plaintiffs in their efforts to prepare this case for trial. On September 6, 2005, Magistrate Judge Hayes granted the Plaintiffs' motion to compel and ordered that full and complete discovery responses to all of Plaintiffs' discovery requests be served on Plaintiffs. (Record Document 59). Specifically, Magistrate Judge Hayes ordered that Defendants serve full and complete discovery responses on Plaintiffs within 15 days of the date of her order. (Id.). Magistrate Judge Hayes also awarded Plaintiffs $2,000.000 for fees and expenses incurred in connection with the filing of the motion to compel, stating that such an award was

appropriate "because the responses by [D]efendants [were] inadequate, their objections [were] either disingenuous, meritless on their face, or [were] unsupported by the facts and evidence, because the Defendants have caused needless delay in the discovery process and imposition on the court's time, and because the Defendants failed to comply with this court's previous order requiring production of documents on or before August 15, 2005." (Id. at 7).

Defendants appealed that order on September 26, 2005. (Record Document 65). This Court stayed enforcement of the order pending resolution of the magistrate appeal. (Record Document 64). After a status conference on October 13, 2005, the magistrate appeal was set for oral argument on October 24, 2005. (Record Document 73).[1]

## II.    LEGAL STANDARD.

The decision by a magistrate judge as to discovery issues is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hayes' order is not a recommendation to the district court, which normally requires de novo review under Rule 72. Rather, it is an order from the magistrate judge on a non-dispositive matter than requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).

## III.    ANALYSIS.

After reviewing the record and hearing the parties' arguments, the Court is aware

---

[1] On October 11, 2005, Robert E. Piper, Cassandra Piper, and Wendell Piper filed a motion to strike (Record Document 69), arguing that Defendants raised issues in the magistrate appeal that were immaterial to the ongoing discovery dispute. In light of this Court's ruling on the magistrate appeal and for the reasons stated by the Court during oral argument, the motion to strike (Record Document 69) is **DENIED AS MOOT**.

of the complexity of the instant discovery dispute, which is centered around a series of multi-million dollar financial transactions and other casino-related issues. At the heart of the dispute are thousands of pages of financial documents, namely 450 boxes of documents located in Shreveport, Louisiana; 70 to 100 boxes of documents located in Indianapolis, Indiana; 100 boxes of documents located in Las Vegas, Nevada; and another 2,000 pages of documents from the Dechard Law Firm in New York which are now available in Shreveport, Louisiana.

A. **Interrogatories.**

In response to Plaintiffs' first set of interrogatories, Defendants objected on the grounds that the discovery requests were overly broad, unduly burdensome, ambiguous, and lacked specificity. Magistrate Judge Hayes overruled all objections, finding that Defendants failed to make sufficient specification under Federal Rule of Civil Procedure Rule 33(d) of the business records from which answers to the interrogatories could be derived or ascertained; that other objections, such as what is meant by the term "general counsel," were disingenuous; and that Defendants had not specifically demonstrated how each interrogatory was irrelevant, overly broad, or burdensome, as required by McLeod, Alexander, Powel & Apffel v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990).

After reviewing the record and listening to the parties' arguments, the Court finds that Magistrate Judge Hayes' ruling as to interrogatories was not clearly erroneous or contrary to law. Counsel for all parties in this case are sufficiently experienced and well-versed in the ordinary and customary practices applicable to discovery in federal civil litigation. While the Court does not believe Defendants were "hiding the ball," many of their objections grazed the edges of stonewalling.

Accordingly, the Court hereby affirms Magistrate Judge Hayes' ruling as to

interrogatories, with the following modifications:

1. By **Monday, November 28, 2005**, Defendants are to identify with specificity and make all documentation responsive to the interrogatories available to Plaintiffs in a form which fully and completely complies with Defendants' obligation under Federal Rule of Civil Procedure 33(d), and are to respond to all other interrogatories fully and completely.

2. If an answer to an interrogatory references a document(s) that is responsive to a request for production of documents, Defendants shall include in their answer to the interrogatory the corresponding request for production of document number. For instance, if applicable, the answer to an interrogatory should read: "See documents produced in response to request for production of documents number x."

3. Due to the sale of some of Jack B. Binion's interests in his various gaming casino entities to Harrah's Entertainment, Defendants, including individual defendant Jack B. Binion, shall provide the last known address (or the current address if available) and/or the locations of former Binion/Horseshoe employees identified by Defendants in answers to interrogatories.

4. The parties are ordered to confer **in person** on the designation of current and former employees of Defendants, including individual defendant Jack B. Binion, who have personal knowledge, or other helpful information, regarding the documents produced by Defendants in response to Plaintiffs' discovery requests.

**B. Requests For Admissions And Production Of Documents.**

Defendants argued that the use of words such as "you" in Plaintiff's requests for admissions prevented them from admitting or denying the requests for admissions. Further, Defendants argued that Plaintiffs' requests for admissions were inadequate due to vague and undefined terms such as "monies," "used," "finance," and "partnership agreement." Magistrate Judge Hayes overruled such objections, stating that the objected to words and phrases were "either plain and ordinary words readily understood by any person of ordinary intelligence or are easily understood in the context of this litigation." (Record Document 59 at 4-5). Defendants' again lodged objections of overly broad, unduly burdensome, and irrelevant as to Plaintiffs' Requests for Production of Documents.

Magistrate Judge Hayes overruled these objections, stating that "the responses to the requests are clearly inadequate, and the defendants have provided no facts supporting their claims that the requests are over broad, unduly burdensome, or irrelevant." (Id. at 6).

The Court finds that the magistrate judge's ruling as to requests for admissions and production of documents was not clearly erroneous or contrary to law. In fact, the Court finds that Magistrate Judge Hayes' ruling was directly on target. Again, counsel for all parties are competent, well-versed litigators and any further objections on the grounds that a discovery request is overly broad, unduly burdensome, or irrelevant will be met with heightened scrutiny by this Court.

The Court affirms Magistrate Judge Hayes' ruling with the following modifications:

1. By **Monday, November 28, 2005**, Defendants are to respond fully, and as outlined below, to the Requests for Admission and Requests for Production of Documents. Each defendant is to respond separately.

2. In responding to requests for production of documents, Defendants do not have to create "summaries" or "compilations" that do not already exist. **However, the Court cautions and orders all parties to refrain from destroying documents already in existence that might be responsive to discovery requests. Counsel shall take the appropriate and immediate steps to ensure the preservation of such documents.**

3. Counsel for Plaintiffs shall designate from the Defendants' exhibits submitted in conjunction with the instant magistrate appeal specific folders/documents within the designated boxes that should be copied. Plaintiffs are to pay the reasonable copying costs related to such designations. The Court notes that the "indexes" (which identify generally each folder's contents within each box) submitted as exhibits to this appeal should have been produced long ago in the due course of discovery.

4. After Plaintiffs have obtained and reviewed the documents, Defendants shall afford to counsel for Plaintiffs the opportunity to search the boxes of documents/materials at a reasonable time and place, i.e., the location where the boxes are stored or at a suitable place agreed to by the parties.

5. It is not necessary for Defendants to correlate each page of data or

information within the boxes to specific discovery requests.[2]

6. Defendants are not required to reformat or re-conform their financial records to suit the Plaintiffs' discovery requests.

7. In responding to further discovery, the parties may of course object on the basis of appropriate privileges as to specific, individual documents or portions of documents. Objections based on overly broad and/or unduly burdensome discovery requests may be made; however, all parties shall nevertheless respond with the information sought in the discovery requests and, if necessary, shall state all reasonable assumptions or qualifications upon which the discovery response is based. This ruling specifically applies to Defendants' objections as to the definition of terms and their objections to request for production of documents numbers 1, 2, 3, 5, and 6. See Defendant's Reply Brief at 8-9.

8. Counsel for Plaintiffs are strongly advised to obtain an appropriate financial expert to review, identify, explain, and interpret financial data furnished by Defendants in response to discovery.

**C.    $2,000.00 Award To Plaintiffs.**

The Court reiterates that Judge Hayes' award of $2,000.00 to Plaintiffs was not clearly erroneous or contrary to law. The magistrate judge found that Defendants' responses to discovery requests were inadequate and that their objections were disingenuous, meritless, unsupported, and caused needless delay. This Court cannot say that such findings by the magistrate judge were clearly erroneous or contrary to law, as the magistrate's ruling is supported by the fact that on the day of oral argument, Defendants produced a list, summary or index detailing the contents of boxes of documents stored in various offices and/or warehouses. It is precisely this type of "list," "summary," and/or "index" that should have been provided much earlier in the ordinary course of discovery. Accordingly, the Court affirms the award to Plaintiffs of $2,000.00 for fees and expenses incurred in connection with the filing of the motion to compel.

---

[2]This ruling applies to both interrogatories and requests for production of documents.

### D. Miscellaneous Matters Before The Court.

During oral argument, there was much discussion surrounding the issue of signed discovery responses, namely in relation to individual defendant Jack B. Binion. The Court finds that if a party responding to discovery relies on one or more individuals to produce the information sought, especially with regard to sophisticated and multi-layered financial transactions by, between, and among the Binion-related companies, financial institutions, and lenders, parties requesting discovery are entitled to have the responding party sign the appropriate attestation/affidavit to accompany responses when required by the Federal Rules of Civil Procedure.[3]

After reviewing the record and the transcript of the oral argument, the Court has decided to monitor and manage this case for the foreseeable future. Thus, all motions, including any motions related to discovery, shall be filed before the undersigned, not the Magistrate Judge. If the Court believes, after monitoring the case for a reasonable time, that all of the parties' discovery disputes have been resolved, the case will be referred to the Magistrate Judge at that time. The Court will review the joint scheduling proposal (Record Document 76) submitted by the parties to Magistrate Judge Hayes on October 20, 2005 and a scheduling order will issue in due course.

Finally, at the conclusion of oral argument, counsel for plaintiff August Robin sought a second extension of time to respond to discovery propounded by Defendants on September 8, 2005. Counsel for plaintiffs Cassandra Piper, Robert Piper, and Wendell Piper also made a similar request at the close of oral argument. On October 13, 2005, Magistrate Judge Hayes granted August Robin's first motion for extension of time, ordering

---

[3] See Federal Rule of Civil Procedure 33(b)(2) (stating that "the answers are to be signed by the person making them, and the objections signed by the attorney making them.").

that "responses to discovery requests propounded on September 8, 2005, is Thursday, October 27, 2005." On that same date, the Magistrate Judge mooted plaintiffs Cassandra Piper's, Robert Piper's, and Wendell Piper's motion for extension of time to respond to the discovery propounded by Defendants on September 8, 2005. The Court hereby extends the deadline for all Plaintiffs to respond to the discovery requests propounded by Defendants on September 8, 2005 until **Monday, November 7, 2005**.

## IV. CONCLUSION.

Based on the foregoing, Magistrate Judge Karen Hayes' order (Record Document 59) was not clearly erroneous or contrary to law. Accordingly, the order granting Plaintiffs' motion to compel is **AFFIRMED** as modified above.

IT IS SO ORDERED.

Shreveport, Louisiana, this 28th day of October, 2005.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE