**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| AUGUST ROBIN, ET AL. | CIVIL ACTION NO. 04-1695 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JACK B. BINION, ET AL. | MAGISTRATE JUDGE HAYES |

## ORDER

Based on the foregoing Memorandum Ruling,

**IT IS ORDERED** that Defendants' magistrate appeal (Record Document 65) is **DENIED** and Magistrate Judge Karen Hayes' September 6, 2005 order (Record Document 59) is **AFFIRMED** with certain modifications, as outlined below.

**IT IS FURTHER ORDERED** that as to interrogatories propounded on Defendants:

1. By **Monday, November 28, 2005**, Defendants are to identify with specificity and make all documentation responsive to the interrogatories available to Plaintiffs in a form which fully and completely complies with Defendants' obligation under Federal Rule of Civil Procedure 33(d), and are to respond to all other interrogatories fully and completely.

2. If an answer to an interrogatory references a document(s) that is responsive to a request for production of documents, Defendants shall include in their answer to the interrogatory the corresponding request for production of document number. For instance, if applicable, the answer to an interrogatory should read: "See documents produced in response to request for production of documents number x."

3. Due to the sale of some of Jack B. Binion's interests in his various gaming casino entities to Harrah's Entertainment, Defendants, including individual defendant Jack B. Binion, shall provide the last known address (or the current address if available) and/or the locations of former Binion/Horseshoe employees identified by Defendants in answers to interrogatories.

4. The parties are ordered to confer **in person** on the designation of current and former employees of Defendants, including individual defendant Jack B. Binion, who have personal knowledge, or other helpful information, regarding the documents produced by Defendants in response to Plaintiffs' discovery requests.

**IT IS FURTHER ORDERED** that as to requests for admissions and production of documents propounded on Defendants:

1. By **Monday, November 28, 2005**, Defendants are to respond fully, and as outlined below, to the Requests for Admission and Requests for Production of Documents. Each defendant is to respond separately.

2. In responding to requests for production of documents, Defendants do not have to create "summaries" or "compilations" that do not already exist. **However, the Court cautions and orders all parties to refrain from destroying documents already in existence that might be responsive to discovery requests. Counsel shall take the appropriate and immediate steps to ensure the preservation of such documents.**

3. Counsel for Plaintiffs shall designate from the Defendants' exhibits submitted in conjunction with the instant magistrate appeal specific folders/documents within the designated boxes that should be copied. Plaintiffs are to pay the reasonable copying costs related to such designations. The Court notes that the "indexes" (which identify generally each folder's contents within each box) submitted as exhibits to this appeal should have been produced long ago in the due course of discovery.

4. After Plaintiffs have obtained and reviewed the documents, Defendants shall afford to counsel for Plaintiffs the opportunity to search the boxes of documents/materials at a reasonable time and place, i.e., the location where the boxes are stored or at a suitable place agreed to by the parties.

5. It is not necessary for Defendants to correlate each page of data or information within the boxes to specific discovery requests.[1]

6. Defendants are not required to reformat or re-conform their financial records to suit the Plaintiffs' discovery requests.

7. In responding to further discovery, the parties may of course object on the basis of appropriate privileges as to specific, individual documents or portions of documents. Objections based on overly broad and/or unduly burdensome discovery requests may be made; however, all parties shall nevertheless respond with the information sought in the discovery requests and, if necessary, shall state all reasonable assumptions or qualifications upon which the discovery response is based. This ruling specifically applies to Defendants' objections as to the definition of terms and their objections to request for production of documents numbers 1, 2, 3, 5, and 6. See

---

[1]This ruling applies to both interrogatories and requests for production of documents.

> Defendant's Reply Brief at 8-9.

8. Counsel for Plaintiffs are strongly advised to obtain an appropriate financial expert to review, identify, explain, and interpret financial data furnished by Defendants in response to discovery.

**IT IS FURTHER ORDERED** that the Magistrate Judge's award to Plaintiffs of $2,000.00 for fees and expenses incurred in connection with the filing of the motion to compel is **AFFIRMED**.

**IT IS FURTHER ORDERED** that if a party responding to discovery relies on one or more individuals to produce the information sought, especially with regard to sophisticated and multi-layered financial transactions by, between, and among the Binion-related companies, financial institutions, and lenders, parties requesting discovery are entitled to have the responding party sign the appropriate attestation/affidavit to accompany responses when required by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this Court will monitor and manage this case for the foreseeable future. Thus, all motions, including any motions related to discovery, shall be filed before the undersigned, not the Magistrate Judge.

**IT IS FURTHER ORDERED** that the deadline for Plaintiffs to respond to the discovery requests propounded by Defendants on September 8, 2005 is extended until **Monday, November 7, 2005**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 28th day of October, 2005.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE