U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC - 8 2005

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

AUGUST ROBIN, ET AL.　　　　　　　　　CIVIL ACTION NO. 04-1695

VERSUS　　　　　　　　　　　　　　　　JUDGE S. MAURICE HICKS, JR.

JACK B. BINION, ET AL.　　　　　　　　MAGISTRATE JUDGE HAYES

## MEMORANDUM RULING

Before the Court is a "Motion For Protective Order" filed by Plaintiffs Cassandra Piper, Wendell Piper, and Robert E. Piper, Jr. (hereinafter collectively referred to as "Plaintiffs"). See Record Document 82. Plaintiffs argue that Defendants seek information that "is privileged and not discoverable" in certain Requests for Production of Documents. Id., ¶ 2. In light of the motion for protective order, the undersigned has carefully reviewed the Requests for Production of Documents propounded by Defendants.

In Request for Production of Documents Nos. 2 and 3, Defendants seek income tax returns for the years 1993 through 1999 and personal financial statements. See id., Exhibit A-2. "Income tax returns are highly sensitive documents [and] courts are reluctant to order their routine disclosure as a part of discovery." Natural Gas Pipeline Co. of Am., et al. v. Energy Gathering, Inc., et al., 2 F.3d 1397, 1411, citing SEC v. Cymaticolor, 106 F.R.D. 545, 547 (S.D.N.Y. 1985) (disclosure of tax returns for purposes of discovery ordinarily demands that the requesting party demonstrate relevancy and compelling need). Here, the Court is applying the relevancy and compelling need standard to both the request for the income tax returns and the personal financial statements. Request for Production of Documents Nos. 2 and 3 clearly involve a policy issue. While the income tax returns and

the personal financial statements are arguably relevant to show the value of the "comps" at issue in this litigation, the Court is not satisfied that the compelling need prong of the two-part standard has been satisfied. At this stage in the litigation, the Court is not convinced that the income tax returns and the personal financial statements are the only discovery means available to establish the value of the "comps." Thus, a protective order is hereby **GRANTED** as to Request for Production of Documents Nos. 2 and 3.

Plaintiffs further request a protective order as to Defendants' Request for Production of Documents Nos. 1(10), (11), and (14). Request for Production of Documents Nos. 1(10) and (11) seek "all documents evidencing any communication between [Plaintiffs] and the [Louisiana Gaming Control Board and the Louisiana State Police] from 1990 to the date of [Plaintiffs'] response." Record Document 82, Exhibit A-2, Request for Production of Documents Nos. 1(10) & (11). The Court **DENIES** the motion for protective order as to Request for Production of Documents Nos. 1(10) & (11), as the letter from defense counsel to Plaintiff Robert Piper, dated November 8, 2005, sufficiently narrows the discovery requests. See id., Exhibit A-1 at 3. Such letter clearly evidences that Defendants simply seek documents relating to communications regarding **regulatory issues** with the Louisiana Gaming Control Board and Louisiana State Police in which the Plaintiffs were involved. However, to the extent that the documents contain privileged information, e.g., irrelevant personal history or financial statements,[1] such information shall be excised before Plaintiffs produce the documents to Defendants.

---

[1] As stated previously, at this stage in the litigation, the Court is not convinced that documents such as income tax returns and personal financial statements are the only discovery means available to establish the value of the "comps" and a protective order has been issued as to such documents.

The Court likewise **DENIES** the motion for protective order as to Request for Production of Documents No. 1(14). Again, defense counsel's letter to Plaintiff Robert Piper sufficiently narrows this discovery request to communications regarding regulatory issues, not communications regarding lawsuits, risk management, employment matters, gaming promotions, or operations of Horseshoe Entertainment. See id. at 4.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 8th day of December, 2005.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE