**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

AUGUST ROBIN, ET AL.                    CIVIL ACTION NO. 04-1695

VERSUS                                  JUDGE S. MAURICE HICKS, JR.

JACK B. BINION, ET AL.                  MAGISTRATE JUDGE HAYES

**MEMORANDUM RULING**

Before the Court are two motions for protective orders. The first motion for protective order was filed by plaintiff August Robin. See Record Document 117. The second motion for protective order was filed by plaintiffs Robert E. Piper, Jr., Cassandra Piper, and Wendell Piper. Both motions for protective orders pertain to the same discovery dispute relating to the appearance of two Nevada attorneys (presumably admitted to practice in Nevada) at the depositions of plaintiffs set to begin the week of February 13, 2006. Defendants oppose the motions for protective order. See Record Document 119.

The depositions of plaintiffs are scheduled to begin on Monday, February 13, 2006. Plaintiffs contend that the presence of two Nevada attorneys, Karen S. Greene ("Greene") and Richard Wright ("Wright"), at such depositions violates Local Rule 83.2.6 W, as neither Green nor Wright are admitted to practice before this Court. Local Rule 83.2.6 W states, in pertinent part:

> Any member in good standing of the bar of any court of the United States or of the highest court of any state and who is not a member of the bar of this court, may, upon written motion of counsel of record who is a member of the bar of this court, by ex parte order , be permitted to ***appear and participate as co-counsel in a particular case***.

LR 83.2.6W (emphasis added). Defendants disagree, arguing that the presence of Greene and Wright, who will do nothing more than take notes and confer with defense counsel of

record during recesses, at the depositions does not violate Local Rule 83.2.6W.

As noted by defendants in their opposition brief, the general rule pertaining to pretrial discovery is that such discovery must take place in the public unless compelling reasons exist for denial of public access. See AT & T v. Grandy, 594 F.2d 594, 596 (7th Cir. 1978). In 1993, Federal Rule of Civil Procedure 30(c) was amended to make clear that, in the typical case, the rule of sequestration does not apply to depositions. See In re: Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998). Thus, in order to exclude persons from depositions, a party must move for a protective order under Rule 26(c)(5), which states that "for good cause shown . . . the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . that discovery be conducted with no present except persons designated by the court." FRCP 26(c)(5). "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Terra Int'l, Inc., 134 F.3d at 306.

The Court finds that plaintiffs have simply failed to meet their burden of demonstrating the necessity of a protective order in this instance. Local Rule 83.2.6W applies to attorneys who plan to ***appear and participate*** as co-counsel in a particular case. Such is not the case with Greene and Wright, as defense counsel has stated that neither Greene nor Wright will participate in any way in the depositions of plaintiffs. Greene and Wright will not question the witnesses and will not voice their objections. Further, the Court is not convinced by plaintiffs' argument that the mere passing of notes

and conferencing during recesses constitutes appearance and participation as contemplated by Local Rule 83.2.6W. Plaintiffs' interpretation of "appear and participate," as stated in the local rule, appears to be overly broad. Obviously, neither Greene nor Wright can question the witnesses without violating Local Rule 83.2.6W. Their mere presence to assist counsel, who are enrolled as trial attorneys, does not violate the letter and spirit of the local rule. The Court notes that it is common practice for paralegals, or even summer law clerks, to routinely attend depositions, to confer off the record with counsel, and even to suggest particular questions to be posed to witnesses.

Accordingly;

**IT IS ORDERED** that the Motions for Protective Orders filed by plaintiffs Robert E. Piper, Jr., Cassandra Piper, Wendell Piper, and August Robin be and are hereby **DENIED**.

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this 11th day of February, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE