**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| AUGUST ROBIN, ET AL. | CIVIL ACTION NO. 04-1695 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JACK B. BINION, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is Jack B. Binion's, Horseshoe Entertainment, L.P.'s, Horseshoe Gaming Holding Corporation's, and New Gaming Capital Partnership's (hereinafter collectively referred to as "Defendants") appeal of Magistrate Judge Hayes' Memorandum Ruling on their Motion for Protective Order. See Record Document 133. Magistrate Judge Hayes denied Defendants' Motion for Protective Order and ordered Defendants to provide complete responses to Plaintiffs for Request No. 2 from the Fourth Set of Requests for Production of Documents. See Record Document 130. Based on the following, Defendants' magistrate appeal is granted; Magistrate Judge Hayes' Memorandum Ruling of March 2, 2006 is reversed; and the Motion for Protective Order filed by Defendants is granted.

**I.   BACKGROUND.**

On January 31, 2006, Defendants filed a Motion for Protective Order relating to Request No. 2 from the Fourth Set of Requests for Production of Documents. See Record Document 110. Request No. 2 sought copies of "all documents which show the billing activities of the following lawyers submitted to Horseshoe Entertainment during the period of January 1994 to May 1999: (1) Jamie Perdigao, (2) Lacey Johnson, (3) Frank Schreck,

(4) Marty Nussbaum, (5) Any other legal representative not named hereinabove." Record Document 133 at 3 n. 2. Defendants sought a protective order prohibiting discovery of such documents on two grounds, the attorney-client privilege and relevancy.

On March 2, 2006, Magistrate Judge Hayes denied Defendants' Motion for Protective Order and ordered Defendants to provide complete responses to Request No. 2. See Record Document 130. The Magistrate Judge reasoned that the parties' dispute as to whether, pursuant to Garner v. Wolfinbarger, 430 F.2d 1093 (5th Cir. 1970), Plaintiffs had demonstrated "good cause" for piercing Defendants' attorney-client privilege was irrelevant. See id. at 2. She based this finding on the fact that Garner involved litigation between a corporation and its shareholders, not litigation, as in this case, between former partners regarding events that occurred during the partnership. See id. The Magistrate Judge ruled that the Garner balancing test did not apply because Horseshoe Entertainment, L.P. was a partnership and thus there was a complete mutuality of interests between and among the partners and the partnership. Specifically, Magistrate Judge Hayes held that "attorney/client privilege does not apply to the sharing among the partners or former partners of otherwise privileged information concerning the partnership." Id. at 3. In making her ruling, the Magistrate Judge also relied on Louisiana Civil Code Articles on partnerships and Abbott v. Equity Group, Civ Nos. 86-4186, 86-3271, and 86-3593, 1988 WL 86826, *1 (E.D.La. Aug. 10, 1988) for the principle that partners need not establish good cause to discover communications in matters in which the partnership is the client. See Record Document 130 at 2.

Defendants timely filed the instant appeal on March 16, 2006. See Record Document 133. Plaintiffs oppose the magistrate appeal. See Record Document 141. On

April 21, 2006, the Court notified Defendants that it wished to conduct an in camera inspection of the attorney billing records at issue. See Record Document 153. Defendants submitted the attorney billing records on May 10, 2006 and the Court has conducted its in camera inspection.[1]

## II. LEGAL STANDARD.

The decision by a magistrate judge as to discovery issues is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hayes' Memorandum Ruling is not a recommendation to the district court; rather, it is an order from the magistrate judge on a non-dispositive matter than requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995) & Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review the Magistrate Judge's legal conclusions *de novo,* and will review her factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

## III. ANALYSIS.

A review of case law reveals that attorney billing records are protected from discovery if production of the documents would reveal the substance of attorney-client communications. Yet, information in attorney billing records pertaining to the identity of the client and attorney, the time spent by the attorney, the amount billed, the fee arrangement,

---

[1] After conducting the in camera inspection, the Court destroyed the attorney billing records submitted by Defendants.

and the general nature of the work performed is fully discoverable. Defendants allege that "the discoverable material in the legal bills Plaintiffs seek, i.e., what would be left of the bills after the privileged content was redacted, would neither be relevant to the claims or defenses of any party in this lawsuit nor would it lead to the discovery of admissible evidence." Record Document 133 at 8. This Court agrees. It is clear that what Plaintiffs are seeking in Request No. 2 is more than just the time spent by the attorneys, the amount billed, the fee arrangement, and the general nature of the work performed with their Request No. 2. Further, information as to the time spent by the attorneys, the amount billed, the fee arrangement, and the general nature of the work performed is not relevant to the claims or defenses of any party in this lawsuit and it would it lead to the discovery of admissible evidence.

The Court finds that Magistrate Judge Hayes' failure to apply the Garner "good cause" test to the instant matter was clearly erroneous and contrary to law. While the Magistrate Judge's ruling that "attorney/client privilege does not apply to the sharing among the partners or former partners of otherwise privileged information concerning the partnership" may be correct as to general partnerships, the ruling failed to acknowledge and apply special rules governing partnerships in commendam, i.e., limited partnerships.

There is no dispute among the parties that Defendant Horseshoe Entertainment, L.P. is a limited partnership and that Plaintiffs were limited partners in that limited partnership. Under Louisiana Civil Code Articles 2836 *et seq.*, there are two types of partners in a partnership in commendam, general partners and limited partners. As stated by Defendants:

> While the 'mutuality of interest' between *general* partners and their

> partnership may be qualitatively different from the corporation-shareholder relationship, a *limited* partner's status in and relationship to a limited partnership is very similar to that of a shareholder's status in and relationship to a corporation. Like a shareholder (and unlike a general partner), the liability of a limited partner is confined to his financial investment. . . . [A] limited partner is 'passive' and removed from the management of the limited partnership's affairs.

Record Document 133 at 10-11. It is for precisely the aforementioned reasons that courts have applied the Garner test to determine if limited partners may have access to attorney-client privileged material of the limited partnership. See, e.g., Forston v. Winstead, 961 F.2d 469, 475 n.5 (4th Cir. 1992); In re ML-Lee Acquisition Fund II, L.P., 848 F. Supp. 527, 563-64 (D. Del. 1994) ("Rather than granting limited partners an absolute right to disclosure of privileged communications, these cases require disclosure only where the party seeking disclosure demonstrates good cause."); Ferguson v. Lurie, 139 F.R.D. 362, 366 (N.D. Ill. 1991).

The Louisiana codal articles show the uniqueness of limited partnerships and clearly evidence the distinction between general partnerships and limited partnerships. Yet, the Magistrate Judge failed to see the significance of this distinction in her March 2, 2006 Memorandum Ruling. The Magistrate Judge also relied on Abbott for the principle that partners need not establish good cause to discover communications in matters in which the partnership is the client; yet, neither that decision nor the Magistrate Judge's ruling addressed the issue of whether the parties requesting the privileged documents in Abbott were limited partners or general partners. In light of these factors and based on the widespread application of Garner to cases involving limited partnerships, the Court finds that the Magistrate Judge's failure to apply Garner in the instant matter was clearly erroneous and contrary to law.

The Garner court ruled that the party seeking to pierce the attorney-client privilege must make an affirmative showing of "good cause" as to why disclosure would be proper. See Garner, 430 F.2d at 1104. The court set forth nine "balancing" factors to determine good cause: (1) the number of shareholders and the percentage of stock they represent; (2) the bona fides of the shareholders; (3) the nature of the shareholders' claim and whether it is obviously colorable; (4) the apparent necessity or desirability of the shareholders having the information and availability of it from other sources; (5) whether, if the shareholders' claim is of wrongful action by the corporation, it is of action criminal, or illegal but not criminal, or of doubtful legality; (6) whether the communication related to past or prospective actions; (7) whether the communication is of advice concerning the litigation itself; (8) the extent to which the communication is identified versus the extent to which the shareholders are blindly fishing; and (9) the risk of revelation of trade secrets or other information in whose confidentiality the corporation has an interest for independent reasons. Id.

In the memorandum in support of their magistrate appeal, Defendants have applied the Garner factors to the instant case and argue that there is no basis for revealing the attorney-client communications at issue in this case. See Record Document 133 at 14-17. After conducting its own review and application of the Garner factors, this Court agrees with Defendants, finding that Plaintiffs have not demonstrated "good cause" for disclosure and that the balance weighs in favor of preserving the attorney-client privilege in this case. Those factors weighing against disclosure include that Plaintiffs only owned 8.08% of the interests in Horseshoe Entertainment; Plaintiffs' bona fides are suspect; the discovery sought goes far beyond the issues implicated in Plaintiffs' claims; the discovery sought is

not necessary to Plaintiffs' action; there is no allegation of criminal wrongdoing on the party of any defendant; the discovery request is "blind fishing"; and the discovery sought contains confidential information. The only factors weighing in favor of disclosure are that Request No. 2 seeks legal bills that include communications contemporaneous with the events that are the subject of the litigation and the attorney-client communications that are sought in Request No. 2 will not give Plaintiffs access to communications by counsel engaged in the present litigation. As seven of the nine Garner factors weigh heavily in favor of preserving the attorney-client privilege, this Court finds that the attorney billing records of Horseshoe Entertainment, L.P. sought in Request No. 2 are privileged and a protective order is appropriate.

Finally, this Court will analyze the crime-fraud exception to attorney billing records at issue in this case.[2] Louisiana Code of Evidence Article 506(C) states:

There is no privilege under this Article as to a communication:

(1)(a) If the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client or his representative knew or reasonably should have known to be a crime or fraud.

(b) Made in furtherance of a crime or fraud.

La. C.E. 506(C)(1)(a-b). Controlling case law further provides that the party who invokes the crime-fraud exception to overcome a claim of privilege must make a *prima facie* showing that the attorney-client relationship was used to promote criminal activity or a fraud. See United States v. Dyer, 722 F.2d 174, 177 (5th Cir. 1983); see also State v.

---

[2]The Magistrate Judge's Memorandum Ruling did not address the crime-fraud exception because she ruled that Plaintiffs were entitled to review the legal bills due to their role as limited partners.

Taylor, 502 So. 2d 537 (La. 1987). Mere conclusory allegations are insufficient to satisfy the prima facie showing requirement. See In re Int'l Sys. & Controls Corp. Sec. Litig., 693 F.2d 1235, 1242 (5th Cir. 1982).

Here, Plaintiffs have alleged the existence of a continuing fraud in the business relationship between themselves and Defendants, specifically that Defendants created fraudulent business entities. Yet, Plaintiffs have made no allegation, much less made a prima facie showing, that any of the lawyers listed in Request No. 2 were involved in any way in a fraudulent or criminal scheme with Horseshoe Entertainment, L.P. The crime-fraud exception is simply not applicable in this instance.

**IV. CONCLUSION.**

Based on the foregoing, Defendants' magistrate appeal (Record Document 133) is granted and Magistrate Judge Hayes' Memorandum Ruling of March 2, 2006 (Record Document 130) is reversed. The Motion for Protective Order (Record Document 110) is granted.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 20th day of July, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE