**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| AUGUST ROBIN, ET AL. | CIVIL ACTION NO. 04-1695 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JACK B. BINION, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is a "Motion for Leave to File Second Supplemental & Amended Complaint" (Record Document 200) filed by Plaintiff August Robin ("Robin"). Defendants oppose the motion for leave, arguing that "Plaintiff seeks to amend his complaint to assert new claims, facts and new causes of action with respect to which Defendants have not been given prior notice, nor have Defendants conducted any discovery regarding the allegations in the proposed amended complaint." See Record Document 204-1, ¶ 7. In a memorandum in support of their objections, Defendants identify three specific concerns regarding alleged "new theories and claims for relief": (1) Robin's claim that Horseshoe's agreement *to sell* to Harrah's in September 2003 somehow triggered the "Most Favored Nations Clause" in the April 21, 1999 Agreement; (2) Robin's claims that Jack Binion "pressured" him to sell; and (3) Robin's claim that by a letter from his attorney dated November 7, 2005, he put Defendants on notice that if they did not release the amounts due to him under the agreement dated April 21, 1999, he would deem the contract of April 21, 1999 dissolved pursuant to Louisiana Civil Code Article 2015.

**I.     ANALYSIS.**

There is no dispute that the scheduling order deadline for amendment of pleadings has passed. See Record Document 97. Thus, Federal Rule of Civil Procedure 16(b)

governs Plaintiff August Robin's request to amend his pleading since the scheduling order deadline has expired. See S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003). The S&W Enterprises decision explained that the Fifth Circuit will look to four factors when reviewing a trial court's decision on a post-deadline motion for leave to amend: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." S&W Enterprises, 315 F.3d at 536. Accordingly, it makes sense for this Court to consider those factors when making its decision on Robin's Motion for Leave to File Second Supplemental & Amended Complaint.

### A. Plaintiff August Robin's Explanation for the Delay.

In the memorandum in support of his motion for leave, Robin states that "Defendants only recently produced voluminous documentation through discovery" and relies on revelations from reviewing those documents and recent deposition testimony as the basis for the timeliness of the Motion for Leave to File Second Supplemental & Amended Complaint. Robin also notes that on June 9, 2006, the Court allowed Defendants, over objections, to file their own Second Amended Answer and Defenses. See Record Document 178.

It is no secret that the discovery in this case has been complex, labor intensive, and hostile at times. After reviewing the briefs and because of its knowledge of the case, the Court does not doubt Robin's proffered reasons for delay. This is simply not a case of "lack of diligence" or "neglect" and the explanation for delay factor weighs in favor of

allowing Robin's amendment.

### B. Importance of the Proposed Amendment.

The Court believes that Robin's proposed amendment does in fact clarify the issues pending in this matter as to Robin; yet, it is true that Robin has not argued that he cannot obtain appropriate relief unless the proposed amendment is allowed. Thus, this factor tends to weigh against Robin's amendment.

### C. Prejudice and Availability of a Continuance.

Defendants contend that Robin is asserting new theories and claims based upon facts known to him long ago. They further allege that if the Court allows the filing of the proposed second amending complaint, additional discovery would be required and that they will not be able to accomplish such in the relatively limited amount of time left for conducting discovery.

The Court finds that Defendants have been put on notice regarding each and every allegation in the proposed Second Supplemental & Amended Complaint, via either factual allegations in the original petition (Record Document 1), in Robin's First Supplemental and Amending Complaint (Record Document 96), and/or in Robin's First Supplemental and Amending Answer to Counterclaim (Record Document 89). The Court again notes that despite objections from some of the Plaintiffs in this matter, it allowed Defendants to amend their own Second Amended Answer and Defenses on June 9, 2006. Further, this Court calls attention to the fact that Defendants are currently seeking additional depositions of Plaintiffs Robin and Robert E. Piper, Jr.; thus, it is clear that discovery is ongoing by all

parties in this case.[1]  Thus, the Court finds that these two factors weigh in favor of allowing Robin's amendment.

**II.   CONCLUSION.**

On balance, based on the foregoing analysis, the "Motion for Leave to File Second Supplemental & Amended Complaint" (Record Document 200) filed by Plaintiff August Robin is **granted**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 28th day of July, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Defendants are currently seeking out-of-time depositions of Plaintiffs Robin and Robert E. Piper, Jr. for the limited purpose of questioning those Plaintiffs regarding their "Objection to Petition to Modify Ownership and Approval of Sale."  There is nothing preventing Defendants from making a similar petition in regards to discovery needed in light of Robin's second supplemental and amended complaint.