UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| AUGUST ROBIN, ET AL. | CIVIL ACTION NO. 04-1695 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JACK B. BINION, ET AL. | MAGISTRATE JUDGE HAYES |

**ORDER**

Before the Court is a Motion to Review Clerk's Taxation of Costs and Incorporated Memorandum (Record Document 514)[1] filed by one of the Plaintiffs, Robert Piper, Jr. ("Piper"). The Motion to Review specifically challenges the deposition costs of August Robin and Piper, which total $7,009.48 and $3,623.15 respectively. See id.

On April 28, 2008, the Clerk of Court issued a Taxation of Costs (Record Document 512) totaling $14,974.16. Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, costs were reviewed and taxed for Defendants for witness fees, transcripts, fees for service of summons and subpoenas, and depositions. See id. In the Motion to Review, Piper argues that there was minimal utilization of his and August Robin's deposition testimony in connection with the Motion for Summary Judgment; thus, these deposition

---

[1] The Clerk's Taxation of Costs was entered on April 28, 2008 and stated:

Pursuant to Federal Rule of Civil Procedure 54(d), the above determination may be reviewed by the court, provided a Motion to Review is filed within five (5) days from receipt of this letter.

Record Document 512 at 4. Piper contends that neither he nor his co-counsel, Tommy Johnson, received notice of the Taxation of Costs until May 7, 2008. The Court has reviewed the Notice of Electronic Filing for Record Document 512, which evidences that notice was electronically mailed to both Piper (piper@mnss.com) and Tommy Johnson (johnsont@tylerandjohnson.com, mnourse@tylerandjohnson.com) on April 28, 2008 at 2:03 p.m. Notwithstanding, the Court will consider the Motion to Review filed on May 9, 2008 as timely.

costs should be reversed and set aside. See id.

Courts within the Fifth Circuit recognize a strong presumption in favor of awarding costs to the prevailing party pursuant to Rule 54(d). See Salley v. E.I. DuPont de Nemours & Co., 966 F.2d 1011, 1017 (5th Cir. 1992). "The presumption may be overcome if the losing party can demonstrate some impropriety on the part of the prevailing party that would justify a denial of costs." Reuther v. Smith, No. Civ.A. 01-3625, 2003 WL 22174275, *1 (E.D.La. Sept. 11, 2003) (citations omitted). Such impropriety includes bad faith or deliberate confusion on the part of the prevailing party, bringing in unnecessary issues or otherwise encumbering the record, or otherwise unnecessarily prolonging the trial. See id. (citations omitted). In the Motion to Review, Piper has failed to demonstrate any impropriety on the part of Defendants that would justify a denial of costs. Rather, the record reveals that the depositions were necessarily obtained for use in the case. Thus, Piper has not overcome the Rule 54(d) presumption.

Accordingly,

**IT IS ORDERED** that the Motion to Review Clerk's Taxation of Costs and Incorporated Memorandum (Record Document 514) filed by the plaintiff, Robert Piper, Jr., be and is hereby **DENIED**. The Clerk's Taxation of Costs (Record Document 512) entered on April 28, 2008 is hereby adopted by this Court and costs in the amount of $14,974.16 are assessed and taxed to the Plaintiffs.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana this 9th day of June, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE